# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 21, 2013

No. 12-50728
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARMANDO OLALDE-VELASQUEZ, also known as Armando Olalde-Velazquez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-1736-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Armando Olalde-Velasquez (Olalde) appeals the 51-month within-guidelines sentence he received following his guilty plea to illegal reentry. Olalde argues that his sentence was greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). He specifically contends that the guidelines sentencing range was too severe because the district court did not consider that his reentry offense was at bottom a mere international trespass, that he had benign motives for returning, and that he did not intend to return

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in the future.  Additionally, Olalde maintains that his sentence is not entitled to a presumption of reasonableness because the illegal reentry Guideline, U.S.S.G. § 2L1.2, is not empirically based, given that it double-counts a defendant's criminal history.

We review sentences for substantive reasonableness, in light of the § 3553(a) factors, under an abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 49-51 (2007).  As he concedes, Olalde's empirical data argument is foreclosed by this court's precedent.  *See United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).  We have rejected the argument that a guidelines sentence under § 2L1.2 is unreasonable because illegal reentry is a mere trespass offense. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Furthermore, Olalde's sentence, which is at the top of the applicable guidelines range, is presumed to be reasonable.  *See United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008).  His general disagreement with the propriety of his sentence and the district court's weighing of the § 3553(a) factors is insufficient to rebut the presumption of reasonableness that attaches to his within-guidelines sentence.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

Olalde has not demonstrated that the district court abused its discretion by sentencing him to a within-guidelines sentence of 51 months in prison. *See Gall*, 552 U.S. at 51.  Consequently, the judgment of the district court is AFFIRMED.